IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tynez Knight, et al.,             :

       Plaintiffs,              :

     v.                          :     Case No. 2:14-cv-2341

Whitehall City School District,:    JUDGE MICHAEL H. WATSON

     et al.,                   :     Magistrate Judge Kemp

       Defendants.            :

ORDER AND REPORT
AND RECOMMENDATION

On November 20, 2014, Plaintiffs Toral Knight and Laura Brooks filed this action on behalf of their minor children, asserting claims under several different federal statutes and under Ohio law.  Ms. Knight also submitted an application to proceed *in forma pauperis;* Ms. Brooks did not.  The Court noted that omission in an order issued the next day, after which Ms. Brooks also moved for leave to proceed without payment of the filing fee.  For the following reasons, the former application will be granted, and it will be recommended that the latter application be denied.

Proceeding *in forma pauperis*, that is, filing a case in federal court without paying the required filing fee, is not a matter of right, but is governed by statute.  28 U.S.C. §1915(a) says that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [the person] possesses that the person is unable to pay such fees or give security therefor."  However, "[s]ection 1915 does not

specifically address multiple plaintiffs ....″  Burke v. Helman, 208 F.R.D. 246 (C.D. Ill. 2002).

Some courts have held that in the specific context of prisoner-initiated litigation, each individual plaintiff must pay the entire filing fee, see Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), but that is not the rule in this Circuit.  In re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir.1997)(where there are multiple plaintiffs, "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all" of them).  The Court concludes that, for non-prisoner plaintiffs as well, the filing fee should be apportioned equally between or among all plaintiffs.  Thus, each Plaintiff's share of the $400 filing fee is $200.  It is that sum which the Court must consider when determining, as required by law, if the payment of the fee would deprive either Plaintiff of the necessities of life.  See Adkins v. E.I. DuPont de Nemours Co., 335 U.S. 331, 349 (1948); see also Bright v. Hickman, 96 F.Supp. 2d 572, 575 (E.D. Tex. 2000)(the civil filing fee must be paid "unless it is apparent that the ...payment .. will render [the plaintiff] unable to provide for herself and her dependants").

Turning first to Ms. Knight, the Court determines, after a review of her affidavit, that she is entitled to proceed in forma pauperis.  Her financial situation is such that it would be an undue hardship for her to pay even her half of the filing fee.

The same is not true for Ms. Brooks.  Her affidavit shows substantial assets including equity in a home and at least one vehicle, and some amount of available cash or cash equivalents. She is also receiving some monthly income.  Although she has liabilities and has one dependent, the payment of $200 toward the filing fee will not cause her an undue hardship or deprive her of life's necessities.  Therefore, her application should be denied,

and she should be directed to pay the filing fee within 30 days.

For these reasons, Plaintiff Knight's application for leave to proceed *in forma pauperis* (Doc. 2) is granted and she is permitted to proceed in this action without prepayment of fees or costs.  It is further ordered that the United States Marshal serve by certified mail a copy of the complaint, summons, and a copy of this order, upon the defendant at each of the addresses shown on the Process Receipt and Return forms which have been completed by the plaintiff (should she complete such forms and request service by the Marshal).  It is recommended that Plaintiff Brooks' application for leave to proceed *in forma pauperis* (Doc. 5) be denied and that she be directed to pay her share ($200.00) of the filing fee within thirty days.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to the Report and Recommendation relating to the motion to proceed <u>in forma pauperis</u>, that party may, within fourteen days of the date of this Report, file written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).  Plaintiff is specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>,

-3-

474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th
Cir.1981).

<div style="margin-left:40%">

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge

</div>